UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                          Case No. 06-30710-DHW
                                                                               Chapter 11
ABC EARLY CHILDHOOD CENTER,

       Debtor.


ORDER DENYING STAY MOTION

     Governors Square Station LLC filed a motion on October 19, 2006 for relief from the automatic stay to enforce its interest in the nonresidential real property leased to the debtor. The motion states that the lease is deemed rejected by operation of law because the debtor failed to assume the lease within the time provided by 11 U.S.C. § 365(d)(4).

     The motion came on for hearing on November 13, 2006. The court took the motion under advisement on November 23, 2006 after the parties filed briefs in support of and opposition to the motion.

Facts

     The debtor filed a motion to assume the lease within the time provided by 11 U.S.C. § 365(d)(4).[1] The motion was denied without prejudice because it did not contain any provisions for curing the lease default. *See* 11 U.S.C. § 365(b)(1). The debtor filed a second motion to assume the lease on October 26, 2006 — 13 days after the statutory deadline. The second motion contained provisions for curing the default. The debtor operates a day-care center on the leased property. The debtor asserts that the property is necessary for an effective reorganization.

---

[1] The debtor filed the original motion to assume the lease on August 15, 2006, two months after the chapter 11 petition was filed. The 120-day period in which the debtor could assume or reject the lease expired October 13, 2006.

## Law

Under 11 U.S.C. § 365(d)(4), an unexpired lease of nonresidential real property is deemed rejected if the debtor does not assume or reject the lease by the earlier of 120 days from the order for relief or the entry of an order confirming a plan. The court may extend the period prior to its expiration for 90 days on motion of the debtor for cause.

The filing of a motion is the appropriate method for obtaining court approval of the assumption of an unexpired lease. Under Fed. R. Bankr. Proc. 6006, a proceeding to assume or reject an unexpired lease, other than as part of a plan, is governed by Rule 9014. Rule 9014 requires the filing of a motion to seek relief in a contested matter.

## Contentions of the Parties

The creditor contends that the lease is deemed rejected under section 365(d)(4) because the debtor neither filed the second motion to assume the lease before the statutory deadline nor filed a motion to extend the deadline.

The debtor responds that the initial motion to assume the lease was filed well within the statutory deadline, that from the inception of this case the debtor intended to assume the lease in order to operate the business, and that the debtor will suffer irreparable harm if not allowed to assume the lease.

The debtor contends that, by filing the initial motion to assume within the statutory period, the debtor "clearly" communicated in "an unequivocal manner" its intent to assume the lease. *See In re 1 Potato 2, Inc.*, 58 B.R. 752, 754-755 (Bankr. D. Minn. 1986). Court approval within the statutory period is not required. *See By-Rite Distributing, Inc. v. Brierley (In re By-Rite Distributing, Inc.)*, 55 B.R. 740 (D. Utah 1985).

## Discussion

The debtor filed the initial motion to assume within the statutory

period. The court denied the motion without prejudice based on the debtor's failure to propose a method of curing the default. However, instead of denying the motion, the court could have simply continued the hearing to allow the debtor an opportunity to amend the motion. Court approval of the motion would not have been required within the statutory period.

The court is troubled that the debtor did not renew the motion to assume within the statutory period despite cautionary language in the order denying the motion.[2] However, because the debtor filed a timely motion to assume, denying the debtor an opportunity to pursue the second motion would appear to be an elevation of form over substance. If possible, the court would like to decide the case on the merits. Granting the stay motion would deprive the debtor of any opportunity to reorganize. Accordingly, it is

ORDERED that the motion for relief from the automatic stay is DENIED. The second motion to assume will be set for an evidentiary hearing on the issue of whether the debtor's proposal for curing the lease default comports with the requirements of 11 U.S.C. § 365(b)(1).

Done this 8th day of December, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
   Debora Palmer, Attorney for Debtor
   George R. Parker, Attorney for Creditor
   Teresa R. Jacobs, Bankruptcy Administrator

---

[2] The debtor's failure to renew the motion before the deadline expired is at the heart of the problem in this case.